May it please the court. My name is Russell Thompson and I represent Brett Adams. This case raises the issue of whether a debt collection letter that identifies the original creditor but does not specifically identify the current creditor violates the FDCPA. This court has also raised the issue of whether Mr. Adams suffered an injury in fact to support standing. Mr. Adams alleges that Skagit violated the Fair Debt Collection Practices Act at section 1692 GA2 for failing to meaningfully convey the identity of the current creditor and 1692E for using misleading and deceptive representations as to the identity of the current creditor. Congress enacted 1692G to protect consumers by requiring collectors to provide them with specific information about their debt as well as their legal rights regarding the same. It enacted 1692E to eliminate abusive practices and ensure lawful debt collectors are not competitively disadvantaged by prohibiting the use of false deceptive or misleading representations. Now since Congress enacted the FDCPA over 40. Sorry was there a question? I've got one since you paused and it's more about the standing issue. Help me understand your client's concrete as Spokio 2 says actually exists in the world that is real and not abstract or merely procedural. Help me understand that. Yes your honor. You know we would contend that Spokio didn't throw out 40 years of jurisprudence on FDCPA standing. It merely clarified the standing analysis. Had it done so it would have opened the floodgates to litigation making over 40 years of FDCPA opinions subject to rule 60 motions for lack of standing. But here the violations are not even procedural. They're substantive and informative. The supreme court's long recognized a legally protected interest in receiving information to satisfy the injury in fact requirement. It's also made clear the right to not be given false deceptive or misleading information satisfies the injury in fact requirement. In public citizen it held the refusal to provide information required to be disclosed under the federal advisory committee act sufficiently constituted an injury in fact. It found the inability to obtain information required by the federal election campaign act again was sufficient injury in fact. In Havens Realty it found the fair housing act barred misrepresentations about available housing. Even though it was a tester it found the plaintiff had standing because she alleged an injury to her statutorily created right to truthful housing information. In keen and unpublished published opinion this court followed this line of reasoning finding standing under another statute under the consumer protection act stating the truth and lending act protects a concrete interest in receiving accurate credit information. Thus an allegation that a lender provided inaccurate truth and lending disclosures satisfies the injury in fact requirement. By referring to the original creditor here Skagit's letters either obscure or fail to identify the identity of the current creditor and this is precisely the information that congress mandated be provided thus he has standing. But he even has standing under the procedural violation analysis. The first step of this concrete interest here there's no question that they were. In Swanson this court stated that congress added the validation of debts provision which is 1692g specifically to ensure that it gave collectors gave consumers adequate information concerning their legal rights. Thus GA2 protects Mr. Adams concrete interest in knowing the name of the current creditor. This is important because the least sophisticated consumer which is the standard for determining the FDCPA does not know that the debt collector is required to provide this information and as indicated in the act's congressional findings 1692e protects the consumer's concrete interest in not being subject to false deceptive or misleading representations. Congress found such practices contribute to personal bankruptcies, marital instability, loss of jobs, and invasions of privacy. In Papetti the second circuit held there can be no dispute that 1692e and g violations protect an individual concrete interest. Noting it allows the consumer to confirm he owes the debt before paying it and 1692e protects the consumer's ability to fully avail himself of the legal rights by prohibiting collectors from deceiving or misleading. Was Adams prohibited from doing those things? I mean did Adams actually have the problems that congress as you just described was trying to avoid? Yes he received the letter and he was unsure who his current creditor was and didn't even know that he needed to be looking for that information. If you send a consumer all the wrong entity or that he couldn't negotiate or anything like that right? No because he he didn't know that he even had that information he received the letters and immediately contacted counsel to get legal advice on how to but but we believe that there's still the risk of harm there even even if the court finds that Mr. Adams was not harmed which we believe he was we believe that courts across the country have explained the risk of harm in Anderson versus Ray Klein. That's what I was asking you um what tell me what harm I mean I can't even pronounce the name of the Supreme Court case I only knew there was I came to the ninth circuit now I realize there's Spokane one two and three um but as I read Spokane three it says your client has to show actually exists in the real world the injury is real and not abstract merely procedural I'm just trying to figure out how your facts fit within Spokane three for the language I just quoted to you I asked a question you didn't tell me anything so I'm have anything and tell me why that's not a good assumption um well let me try to explain I guess again um maybe I I maybe I misunderstood your question or simply answered it oddly um we think numerous courts have explained the risk of harm so in Anderson versus Ray Klein the eastern district of Michigan explained that original creditor without any mention of the current creditor unduly enhances the authority of the debt collector stated a credulous consumer might very well be warned away from trying to settle his debt with the creditor directly this doesn't just hurt the consumer it illegally enhances the profitability of defendant at the expense of law-abiding debt collectors which is exactly the sort of unfair competition the FDCPA was designed to counteract so here it's the same exact risk of harm again we think there's a risk of harm in that the consumer not receiving the information that they don't even know that they're to receive we can't presume the least sophisticated consumer knows what congress told debt collectors they have to provide them so not getting the information the consumer is hugely at risk of harm because it doesn't have all the available information to make a determination on what the council is let's judge gold if I can interject this question you you've been using the term risk of harm and I wondered how that fits with concrete then particularized injury which seems to be thank you the standing requirement yes your honor if if the court determines that it's a procedural violation in Spokio 2 at least when the ninth circuit took Spokio back on remand which I guess might be three if if decided on a two-step test the first step is whether the provisions at issue were established to protect the plaintiff's concrete interest which I believe we've answered in in the positive and the affirmative the second step asks whether the specific procedural violation actually harmed or presented a material risk of harm so if it actually harmed Mr. Adams he has standing or if it presented a material risk of harm he has standing so if he can prove either one of those or the court finds either one of those they're standing thus you know explaining the risk of harm that congress intended here that's why I think the Anderson opinion is relevant I think there's other risk of harm that the Anderson court didn't didn't consider for example debt buyers pay less than face value for for debt so this knowledge is important to know whether it's owned by the original creditor or a debt buyer because there's a risk of harm and the consumer making a decision on how much money to offer the consumer also has to make a decision on whether to pay the debt or not if it's been sold to a debt buyer the consumer has that information to know that they likely have at least somewhat less documents and evidence to prove their case at trial but not knowing this information or being misled to it certainly doesn't do that and numerous circuits have found standing under these scenarios the second circuit did in pepetti finding standing under g and e the sixth circuit and macy followed it four months later the second circuit again reiterated its holding and zero dranas stating congress plainly sought to protect consumers concrete economic interest by requiring debt collectors to comply with the notice provisions in section 1692 g and in cohen which is a later decision of the second circuit it again found standing on the same exact claims here noting a misrepresentation as for the current creditor poses a risk of real harm in the 11th circuit church found standing under 1692 g because congress created the right to receive the required disclosures and a new injury for not receiving such disclosures skagit refers to this court's unpublished opinion in davis we think that's irrelevant it performed no analysis and was simply remanded until the briefing was limited it is correct that bassett distinguished havens and federal election commission but the provision in that case did not confer a substantive right to a receipt here it did it was substantive right to get that information so in that case they could have printed no information also i think the second seventh circuit opinion on casillas is important while skagit uses that for their position we believe it's improperly decided and the descent from the denial of the rehearing and bonk prevent presents the better analysis but that case actually still supports standing they are quoting a prior opinion it stated an informational injury can be concrete when the plaintiff is entitled to receive and review substantive information ga4 does not permit receiving and reviewing ga2 permits receiving the information of who the current creditor is and then making the decision under ga5 to request the name and address of the original creditor if that information is different thus it supports standing in this case mr thompson if i may interject the time that shows on your clock is going up that means it's time over argument so i mean we caused this by our questions but we took you past your seven minutes planned initial argument and used up your rebuttal time as well but not to worry i'm going to give you three minutes of rebuttal time if you want to plan it but it will also give mr messer an extra three minutes if he wants or needs it mr mister you can go ahead that's a handsome library you've got there well thank you your is crucial to this court's jurisdiction and under subtle non-circuit authority is the line i pronounce on spokio maybe i'm mistaken but i call i call the case of spokio um the uh the plaintiff who demonstrated this can must uh clean and injury in fact it is concrete and particularized and in the class action complaint that's in the record on appeal his specific allegation at page 10 of the uh record on appeal page one of this class action complaint he says plaintiff has article three skin to bring this action as it seeks to address conflict by defendant that caused plaintiff to suffer intangible harms well intangible harm this is the judicial admission and judicial harms are insufficient to meet the ninth circuit's standard for standing of showing injury in fact um my colleague mr thompson discussed a you know is there are 40 years of uh litigation under the fair debt question practices act and and the standing analysis may upend that we think that's a that's a wild exaggeration um the district of columbia circuit recently addressed standing in context of an fdcpa in the case we cited uh frank versus auto vest and we think that that case which wait a second wait uh we lost your volume somehow you we couldn't hear you anymore let's see if uh is richard august listening yes yes judge i'm here um this appears to be uh an issue on mr messer's and i have no indication of him being muted mr messer i might suggest that you make use of the phone number that was included in your connection information uh can you hear me now yes excellent uh thank you um so i think i and i apologize i don't know why my microphone on my computer stopped working but um uh the i was um there's a the recent case decided by the district of columbia court of appeal frank versus auto vest which we cited in a brief on standing i think has an excellent delineation between a proper legal analysis of a subset of liability under the fdcpa versus whether they're standing under prevailing supreme court uh evaluation of the limits of article three and that the and so the standing analysis does not undermine fdcpa liability i uh the fdcpa liability determined under objective standards for example does the communication is likely to mislead or deceive uh the least sophisticated consumer whereas the standing evaluation under prevailing authority including spokio is a subjective analysis does the plaintiff himself sustain an actual injury in in the real world something that is genuine concrete and particularized and so here the mere obligation that uh mr adams says well i sustained um uh sustained intangible harm cannot be sufficient and is not sufficient to show that he sustained an injury effect sufficient to uh to give him standing to prosecute this case and for that reason uh the court lacks jurisdiction and the facts and on this complaint uh that he lacks standing um on the merits there's no real allegation that the that the uh letter is false deceptive or misleading and so the 1692e claim has no merit um his last uh the graph is to say well the statute requires the creditor be identified but the creditor was identified as skagit health and there is and if you and the factors enunciated by the seventh circuit in the smith case were not factors that articulated in the cases on upon which uh the appellant relies particularly pointed out that in smith as here uh skagit health is the only identified creditor that the uh collection agency my client skagit the bonded is identified in the letters as a to a debt in a third person not our debt and an important factor to the smith to the to the seventh circuit in smith it points out that the letter that you have questions about about if you're confused about the creditor uh whether it's the uh original or current you may contact us which is to the seventh circuit informs the reader that they may be different but here they're not and so this these were the factors that persuaded the seventh circuit that a letter that identified the um the original creditor was not deceptive and complied with the fdcpa and again it's not plausible to say that this letter is likely to deceive or uh or mislead a consumer the letter as a district court found is clear to any ordinary reader that this is a skagit health and the skagit bonded is a professional debt collector who is seeking to collect the debt if the court has questions i'm happy to answer them other than that i will submit sir i think we it's hard to interrupt on the phone i'm sorry but i i would like to ask you a couple things one is um in the letter here it said that adam's account had been assigned to sbc for collection how do we know that an unsophisticated person would understand that the debt was still with the creditor as opposed to with the collector as a as the ownership of the debt um because of the other language in the case i mean it you know legally assignments can be for purposes of collection or they can be purchased but but but an assignment is generally in an authorization to act on another's behalf so even if you even if you say well all the letters was that the original creditor was a different entity so if the original creditor is a different entity and the debt has been assigned and someone looks up in the dictionary what does assigned mean one of the terms it might mean is change of ownership well your honor i think you need to on this letter i think you need to read the word assigned in its context which it says it's assigned to our office for collection and that's all it says and then it says we are a debt collector and so in in the context of this entire letter the term assignment is clear that this is that we are a collector acting on another's behalf i mean it may be because we're a lawyer who is i don't know how they would know that this isn't um assigned to them so they can try to collect it well it is assigned to them so they can try to collect it but if that doesn't mean that but there's no way that skagit bondard is saying we own the debt and there's nothing in here that implies that skagit bondard owns the debt well if it had been sold then the collector would be the current creditor right if it had been sold then the debt buyer would be the current creditor that's correct so somebody wants to negotiate with the current creditor might not know whether to call the collector or the original lender well in theory i guess that's true but neither but neither of those things was done in this case well that gets back to you went to the merits of the violation but maybe you want to talk more about whether that's necessary for standing well it would be necessary for standing and what something genuinely happened that mr adams did in the world that caused him harm that would create an injury in fact which would get him standing doesn't spokane or spokane however we want to pronounce it tell us that intangible injuries can count they can but but but you see that's but spokane did not approve this kind of rubber stamp uh approval of standing anytime uh a violation because if there was a rubber stamp spokane would not have remanded the case to the lower court to determine whether there was an injury in fact and so the answer to your question your honor is so often in legal world is it depends it depends on what the injury factor is alleged so so before you were saying that they said it was intangible so that shows it's not an injury that counts now you're saying it depends what does it depend on and how can we tell it depends on whether the injury tangible no you just said intangible injuries can count so how do we determine whether no no i'm no the in intangible harms do not create standing tangible harms create standing spokane said an intangible i think it said injury now i don't remember but it definitely says intangible harms or injury of intangible things can be sufficient in some circumstances right so are you distinguishing something between injury and harm i'm not sure what you're distinguishing um in in our view spokio and the other uh uh standing case in the context of the ftc case such as casillas out of the seventh circuit and frank out of the district of columbia stand for the proposition that is that the standing issue is a subjective inquiry looking at injury in fact to the lead plaintiff the named plaintiff who alleges a violation and that on and then as to this complaint and frank says that that's not a very high bar but in this case plaintiff has not reached the bar of standing because he all he has is this intangible claim based on a letter that is not false misleading or deceptive what if we disagree with you about whether the letter is confusing could you still win yes on standing certainly or you know there's also donahue that talks about the um the materiality of the misrepresentation and um and so we if it's material and the you know one of the factors that shows that it's not material is that adam took no actual action in response so yeah so i could still win uh on basis of materiality even if you find it that it's confusing but i i think the better view is that the letter at the district court down the letter is not confusing to any ordinary reader your honor i appreciate your questions i hope i've answered them sufficiently to your satisfaction and uh but i'm not there for the questions uh the uh the appellee will submit okay mr messer i think that's fine unless uh judge blue has a question or judge friedland has another one okay i have no questions thank you thank you okay so first i'd like to say that uh standing is not always a subjective inquiry it can also be an inquiry um so this court adopted the test in spokio on remand for standing for procedural violations again it's whether the statutory provision at issue was established to protect a concrete interest we're past that step two is if so whether the specific procedural violations alleged in this case actually harm that is subject subjective or present a material risk of harm to such interest so it doesn't matter mr mr adams can have standing either way whether a tangible harm or intangible harm here and that's exactly what he's done he was harmed as he pleads in his complaint he read the letter and he was unsure who his creditor was so that's where he has the actual standing but it presented the material risk of harm as has been described in the other circuits the reliance on frank is misplaced there the court actually said that frank satisfied her statement by including general factual allegations of injury resulting from the defendant's conduct that's exactly what mr adams done here so he survives that the rest was on summary judgment the defendant also makes multiple arguments regarding a sign i think the court should look at i believe the eastern district opinion of michigan's opinion in nef where the court discussed the term asinine and the discussion of the knowledge of what that term meant the argument that the letter says it's a professional debt collector i'm not sure what the defendant's argument is with with respect to that if they're arguing that you can't be both a debt collector and a creditor well that's just patently wrong this court has already decided that a passive debt buyer can indeed also be a debt collector because the principal purpose of their business is the collection of debt the reliance on smith mr thompson your your extra three minutes is almost up beyond your initial overage so just find a way to wrap up your argument yes your honor i'd just like to discuss stefik real quick um as defendant relies on smith smith actually made it most of the way there but didn't go as far as stefik and smith they said by informing the debtor they could request the name of the original creditor if different from the current creditor the letter alerts the debtor the original and current creditor may be the same but it didn't take the next step stefik did that said yeah they may be the same but they may be different thus the letters open to multiple interpretations as this court has said is a violation under gonzalez versus arrow and the district court's opinion should be reversed thank you thank you mr thompson uh i think what i want to do is thank mr thompson and mr messer for their spirited arguments here these are difficult issues and the court will now submit the case for the final bit of thanks for your advocacy and uh i think the two of you apart from the washington dc evidence metaphorically traveled the farthest for our arguments so thank you thank you your honor thank you very much your honor thank you so let's submit this one
judges: Gould, Friedland, Bough